**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005068
18-NOV-2016
08:21 AM**

NO. CAAP-13-0005068

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


AS, Petitioner-Appellee, v.
CL, Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-M NO. 13-1-0004)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)

Petitioner-Appellee AS filed a Motion and Declaration
for Custody and Visitation with the Family Court of the First
Circuit ("Family Court")[1] concerning the adopted child ("Child")
of AS's former partner, Respondent-Appellant CL.  The motion
requested that the Family Court recognize AS as Child's "de facto
and psychological parent" pursuant to Hawaii Revised Statutes
("HRS") § 571-46(a)(2).  Additionally, the motion sought an award
of joint legal and joint physical custody of Child to AS or,
alternatively, specified visitation with Child.

The Family Court initially concluded that relief was
unavailable under HRS § 571-46(a)(2) because AS did not contend
that CL was an unfit parent.  AS subsequently modified her
petition to request relief under HRS § 571-46(a)(1).  After a
bifurcated trial, the Family Court entered its Order Re:
August 7, 2013 Hearing on Petitioner's Motion for Custody and
Visitation Filed April 8, 2013 on August 30, 2013 ("August 30,
2013 Order").  In the August 30, 2013 Order, the court concluded

---

[1]     The Honorable Matthew J. Viola presided.

that "recognizing . . . 'psychological' parents as parents under HRS § 571-46(a)(1) is consistent with the child-centered best interests standard that the statute requires the Court to apply."

Following a subsequent evidentiary hearing, the Family Court entered its Decision and Order Re: Trial on Petitioner's Motion for Custody and Visitation, Filed April 8, 2013 on October 8, 2013 ("October 8, 2013 Decision & Order"). In the October 8, 2013 Decision & Order, the court concluded that AS had established that she was "a 'de facto' or 'psychological' parent to the Child," but that it was in the Child's best interest that sole legal custody and primary physical custody be awarded to CL, subject, however, to AS's right to specified visitation.

On appeal, CL alleges that the Family Court erred when it interpreted "parent" as used in HRS § 571-46(a)(1) to include "psychological" and/or "de facto" parents, granted AS standing under HRS § 571-46(a)(1) to pursue child custody and/or visitation orders, and awarded AS visitation with the Child.

On November 3, 2016, the Hawaiʻi Supreme Court issued its decision in *A.A. v. B.B.*, ___ Hawaiʻi ___, ___ P.3d ___, No. SCAP-15-0000022, 2016 WL _____ (Haw. Nov. 3, 2016), in which the court considered a similar case arising out of the Family Court of the Third Circuit based solely on the de facto custody provision of HRS § 571-46(a)(2). Upon our review of *A.A.* and consideration of the instant case in light of that decision, we conclude that the supreme court's HRS § 571-46(a)(2) analysis in *A.A.* requires affirmation of the Family Court's award of visitation to AS in this case, even though this case involves a decision under HRS § 571-46(a)(1).

The Family Court's finding that AS met the requirements for a "de facto" parent necessarily means that AS satisfied the supreme court's requirements in *A.A.* for standing to seek custody under HRS § 571-46(a)(2). CL does not challenge the Family Court's factual findings, but argues that because AS is not a legal parent, she does not have standing to seek custody as a matter of law. *A.A.* clearly rejects that claim, and thus we can affirm the Family Court even though the Family Court relied on a different ground in reaching its result in awarding visitation to

AS.  Consequently, we do not reach the question of whether a "de facto" parent is a "parent" within the meaning of HRS § 571-46(a)(1) or whether the four-part test adopted by the Family Court under HRS § 571-46(a)(1) is the proper test under that subsection.

Therefore, based on the foregoing analysis we affirm the October 8, 2013 Decision and Order Re: Trial on Petitioner's Motion for Custody and Visitation, Filed April 8, 2013.

DATED:  Honolulu, Hawai'i, November 18, 2016.


On the briefs:

Paul A. Tomar,
Lynne Jenkins McGivern,
Jill H. Hasegawa, and
Gemma-Rose Poland Soon
(Ashford & Wriston LLP)
for Respondent-Appellant


Stephanie A. Rezents and
Thomas E. Crowley
(Rezents & Crowley, LLP)
for Petitioner-Appellee

Chief Judge

Associate Judge

Associate Judge